IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, ET AL., | § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:10-CV-582-A |
| | § | |
| WACHOVIA BANK, NATIONAL ASSOCIATION, | § § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for decision are the following motions filed by defendant, Wachovia Bank, National Association: (1) motion for summary judgment; and (2) motion for sanctions. Plaintiffs, Val-Com Acquisitions Trust ("Val-Com"), Andrew L. Lucas ("A. Lucas"), and Vicki M. Lucas ("V. Lucas"), filed responses to both motions. Having considered the motions, plaintiffs' responses, the entire record in this case, and applicable legal authorities, the court concludes that the motion for summary judgment should be granted, but that the motion for sanctions should be denied.[1]

---

[1] Defendant also filed a motion to strike plaintiffs' summary judgment evidence. Rather than rule on the motion, the court will give the disputed evidence whatever weight and consideration it deserves.

I.

## Background and the Summary Judgment Motion

This is one of several similar removed actions initiated by Val-Com and varying individual plaintiffs in the district courts of Tarrant and other counties. Plaintiffs filed their original petition in this action on July 9, 2010.

The limited factual allegations, taken from the petition and documents submitted in support of the summary judgment motion, are undisputed. A. Lucas and V. Lucas submitted a loan application to defendant for the purchase of a personal residence in Fort Worth, Texas. In connection with the loan transaction, A. Lucas and V. Lucas were the makers of a Texas home equity note in the amount of $298,096.00, payable to defendant as lender. As security for payment of the note, A. Lucas and V. Lucas also executed a Texas home equity deed of trust naming defendant as beneficiary. A. Lucas and V. Lucas executed the note and deed of trust on February 13, 2006.

Plaintiff acquired the subject property from A. Lucas and V. Lucas by general warranty deed dated July 1, 2010, subject to the note and deed of trust.[2]

---

[2]These allegations, stated in the response brief, are unsupported by affidavit or other evidence. However, defendant does not appear to dispute the allegations, and the court accepts them as true for purposes of the summary judgment motion.

The petition alleges that the loan proceeds obtained by A. Lucas and V. Lucas from defendant were for the purchase of a personal residence, thus bringing the loan transaction within the purview of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulations, Regulation Z, 12 C.F.R. Part 226 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiffs contend that "on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents," defendant violated TILA, Regulation Z, and RESPA, by failing to provide A. Lucas and V. Lucas with disclosures and failing to comply with other procedures required by those statutes or regulations. Notice of Removal, Ex. B2, Pl.'s Orig. Pet. at 4.

Plaintiffs seek to recover damages from defendant for the alleged violations of TILA, including Regulation Z, and RESPA, for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, negligent misrepresentation, and also seek declaratory and injunctive relief.

Defendant moved for summary judgment on the grounds that: Val-Com lacks standing to assert claims against defendant;

plaintiffs' TILA claims fail because they are barred by limitations, and plaintiffs did not properly plead rescission under TILA; plaintiffs' RESPA claims are barred by limitations, and plaintiffs have failed to plead facts to support such claims; plaintiffs' claims for fraud in a real estate transaction and for negligent misrepresentation fail as a matter of law; plaintiffs are not entitled to declaratory or injunctive relief; and, plaintiffs are not entitled to an award of attorney's fees.

II.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

III.

Analysis

A. Limitations Bars Plaintiffs' Claims Under TILA,
for Fraud in a Real Estate Transaction, and
for Negligent Misrepresentation[3]

Defendant contends that plaintiffs' claims pursuant to TILA, for fraud in a real estate transaction, and for negligent misrepresentation are barred by limitations.

A claim for violations of TILA and Regulation Z must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiffs claim defendant violated unnamed provisions of TILA by failing to provide unspecified disclosures and failing to comply with unidentified procedures.

Under TILA, disclosures are required to be made by the lender at the time the loan transaction is consummated between the consumer and the lender. Id. at § 1639(b); Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." Moor, 784 F.2d at 633 (citations and quotation marks omitted). A. Lucas and V. Lucas completed the loan

---

[3]Plaintiff did not allege a separate cause of action for violation of Regulation Z.

6

transaction at issue on February 13, 2006. Any claim alleging a violation of TILA was required to be brought within one year, by February 13, 2007. Plaintiffs' TILA claim, brought July 9, 2010, is barred by limitations.[4]

Plaintiffs argue for tolling of the limitations period, either on the basis of equitable tolling or the discovery rule. The basis of plaintiffs' tolling argument is that A. Lucas and V. Lucas are individual consumer borrowers who could not be expected to discover the statutory violations due to their detailed nature and complexity. Plaintiffs cite no authority for the proposition that the complexity of a statute is a sufficient basis for tolling limitations provisions therein.

Instead, in the Fifth Circuit, "[t]o clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." Id. (internal citations omitted). Plaintiffs neither alleged, nor adduced evidence of, any conduct by defendant of the type contemplated by the Fifth Circuit to warrant tolling.

---

[4] While the petition does not appear to seek rescission under TILA, any such claim would also be barred by the three-year limitations period in 15 U.S.C. § 1635(f).

As to plaintiffs' claim for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, such a claim is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (West 2002); <u>Ford v. Exxon Mobil Chem. Co.</u>, 235 S.W.3d 615, 617 (Tex. 2007) (applying four-year limitations period to claims under Tex. Bus. & Com. Code § 27.01). Such a claim accrues "when the fraud should have been discovered by reasonable diligence." <u>Id.</u> The petition alleges that defendant made false representations "[i]n connection with [] A. Lucas' [sic] and V. Lucas' [sic] execution and delivery of the Note and Deed of Trust," and that such misrepresentations were "apparent on the face of the loan documents and closing documents." Notice of Removal, Ex. B2, Pl.'s Orig. Pet. at 8-9.

Limitations on plaintiffs' claim for fraud in a real estate transaction thus began to run on February 13, 2006, because A. Lucas and V. Lucas should have discovered such facially apparent misrepresentations at the time of the transaction involving the loan documents. The instant action, filed more than four years later, is barred by limitations.

Plaintiffs again argue, in conclusory fashion, for tolling of limitations. The court finds this argument, unsupported by

either facts or authority, unavailing.

Limitations similarly bars plaintiffs' claim for negligent misrepresentation. Such a claim is governed by a two-year statute of limitations. HECI Exploration Co. v. Neel, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiffs' negligent misrepresentation claim, brought in this action filed July 9, 2010, is time-barred. Plaintiffs make the same general argument regarding tolling of this claim as they have for their other claims. The court is not persuaded, for the same reasons cited previously.

B. Plaintiffs' RESPA Claims Fail

Defendant argues that plaintiffs' claims pursuant to RESPA are likewise barred by limitations. Claims of RESPA violations must be raised within either one or three years of the date a violation occurred, depending on the provision alleged to have been violated. 12 U.S.C. § 2614. Defendant is likely correct regarding limitations, inasmuch as plaintiffs' claims, filed more than four years after the date of the transaction at issue, would appear to be time-barred under any statutory provision.

The court finds it unnecessary to reach the limitations question, however, as plaintiffs have failed to allege anything as would support a claim under any provision of RESPA. The petition fails to allege the statutory provision or provisions

allegedly violated by defendant, fails to allege any facts sufficient to state a RESPA violation, and instead pleads only legal conclusions. Nothing in the record before the court establishes any genuine issue of material fact as to plaintiffs' RESPA claims, and summary judgment is warranted as to those claims.

C. <u>Claims for Declaratory and Injunctive Relief Fail</u>

The petition seeks relief under the Texas Uniform Declaratory Judgments Act, section 37.002 of the Texas Civil Practice & Remedies Code. The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one. See <u>Utica Lloyd's of Tex. v. Mitchell</u>, 138 F.3d 208, 210 (5th Cir. 1998). Application of either the Texas or federal act leads to the conclusion that plaintiffs are not entitled to declaratory relief.

Both the Texas and federal declaratory judgment acts are procedural devices that create no substantive rights. <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 239-41 (1937); <u>Texas Ass'n of Bus. v. Tex. Air Control Bd.</u>, 852 S.W.2d 440, 444 (Tex. 1993). Both the Texas and federal acts require the existence of a justiciable controversy. <u>Aetna</u>, 300 U.S. at 239-41; <u>Bonham State Bank v. Beadle</u>, 907 S.W.2d 465, 467 (Tex. 1995). However,

10

plaintiffs have alleged no facts that would lead to the conclusion that a present controversy exists between them and defendant.

Likewise, to prevail on their request for injunctive relief, plaintiffs are required to plead and prove, <u>inter alia</u>, "a substantial likelihood of success on the merits." <u>DSC Commc'ns Corp. v. DGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996). Plaintiffs' failure to do so warrants summary judgment.

\* \* \* \* \*

Although the court need not reach the other arguments for summary judgment asserted in the motion, a preliminary review indicates that defendant would be entitled to summary judgment on those grounds as well.

IV.

<u>Motion for Sanctions</u>

Defendant brought its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and under the court's inherent power to sanction a party for acting in bad faith. Defendant seeks sanctions against plaintiffs and their counsel, Stephen Tiemann ("Tiemann"). The majority of defendant's motion pertains to conduct by plaintiffs and Tiemann that purportedly violates Rule 11(b).

Prior to the filing of a motion for sanctions concerning conduct that has allegedly violated Rule 11(b),

> [t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. Rule 11(c)(2). The rule thus contemplates a twenty-one day "safe harbor" during which an attorney may correct or withdraw the challenged document. Compliance with the twenty-one day service requirement is mandatory prior to awarding sanctions under Rule 11. Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995).

Not only does defendant not allege that it complied with the twenty-one day service requirement, the motion for sanctions conclusively shows otherwise. According to the certificate of service, defendant mailed the motion for sanctions to Tiemann on September 14, 2010, the same day the motion was filed with the court. Defendant thus failed to comply with the twenty-one day service provision of Rule 11(c)(2). Such failure requires denial of the motion for sanctions under Rule 11.

Defendant also seeks sanctions pursuant to the court's inherent power to impose sanctions for actions taken in bad faith. Defendant offers nothing but its own opinion that

12

plaintiffs and Tiemann acted in bad faith in bringing the instant suit. The court finds defendant's conclusory assertion insufficient to sustain an award of sanctions.

V.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs, Val-Com, A. Lucas, and V. Lucas, against defendant, Wachovia Bank, National Association, be, and are hereby, dismissed with prejudice.

The court further ORDERS that defendant's motion for sanctions be, and is hereby, denied.

SIGNED October 6, 2010.

_____
JOHN McBRYDE
United States District Judge